# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FREDERICA RENNER,<br><br>                  Plaintiff,<br>v.<br><br>FROEDTERT HOSPITAL OF WISCONSIN, PETER ROSSI, and SHAHRIAR ALIZADEGAN,<br><br>                  Defendants. | Case No. 18-CV-19-JPS<br><br>**ORDER** |

On January 4, 2018, Plaintiff filed her complaint in this action. (Docket #1). She has paid the full filing fee, meaning that the Court is not obligated to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). Nevertheless, the Court is always required to police its own jurisdiction, regardless of the stage of the case or whether it is questioned by the parties. *Wernsing v. Thompson*, 423 F.3d 732, 742–43 (7th Cir. 2005); *Tylon v. Kloak*, 98 F. App'x 511, 512 (7th Cir. 2004). Upon review of Plaintiff's complaint, it must be dismissed for failure to invoke this Court's subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: (1) those raising issues of federal law, known as "federal question" jurisdiction; and (2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000, known as "diversity" jurisdiction. *See* 28 U.S.C. §§ 1331, 1332(a). Plaintiff's complaint does not implicate either.

She alleges that she had agreed for Defendants to conduct a surgical procedure to remove one of her toes. (Docket #1 at 2). However, Defendants

allegedly took off two additional toes without her consent. *Id.* Despite Plaintiff's checking the box on the form complaint for a violation of federal law, *id.* at 4, this conduct is not, in fact, governed by federal law. Instead, it is, at best, a negligence claim founded in state law. Plaintiff acknowledges as much. *Id.* ("The acts of both doctors was nothing but an act of cold callous negligence."). Plaintiff further alleges that she and Defendants are citizens of Wisconsin, and her complaint is silent on the amount in controversy. *Id.* at 1-2.

Without subject-matter jurisdiction, this Court cannot hear Plaintiff's case. The action must, therefore, be dismissed without prejudice. As the Court of Appeals has explained, district courts normally should not *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction without first providing the plaintiff notice and a hearing or an opportunity to amend, unless the jurisdictional defect is "incurable." *George v. Islamic Republic of Iran*, 63 F. App'x 917, 918 (7th Cir. 2003). Here, the defect is indeed irredeemable; no amendment of Plaintiff's claims, short of raising entirely different allegations, could create a basis for the Court's subject-matter jurisdiction. The only option in this instance is dismissal. Because this case appears to be no more than Plaintiff's misunderstanding as to the proper forum for her claims, the Court will also direct the Clerk of the Court to refund Plaintiff's filing fee.

In closing, the Court advises Plaintiff that should she wish to pursue her claims in state court, she must first comply with the procedures detailed in Chapter 655 of the Wisconsin Statutes. *See* Wis. Stat. § 655.001 *et seq.* Additionally, if Plaintiff desires representation by counsel, she can use the resources provided by the state and local bar associations to help her find a lawyer. To that end, the Court provides the following contact information

for the lawyer referral services of the Milwaukee and Wisconsin Bar Associations:

(1) **Milwaukee Bar Association Lawyer Referral Service**: online at http://www.findmilwaukeelawyers.org/find-a-lawyer/, or by phone at (414) 274-6768.

(2) **State Bar of Wisconsin Lawyer Referral and Information Service**: online at http://www.wisbar.org/forPublic/INeedaLawyer/Pages/i-need-a-lawyer.aspx, or by phone at (800) 362-9082.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall refund the filing fee in this matter to Plaintiff at the following address: Frederica Renner, 5761 N. 41st Street, Milwaukee, WI 53209.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge